UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

John Doe 18,

      Plaintiff,          Case No. 10-CV-0992
                 Judge: Hon. C.N. Clevert, Jr.

vs.

Joseph Clazmer, and      **MEMORANDUM IN SUPPORT OF MOTION TO ALLOW PLAINTIFF TO PROCEED USING A PSEUDONYM**
Downloaders 1 to 100,

      Defendants.

---

## INTRODUCTION

  Plaintiff brings this lawsuit pursuant to federal statute for damages against the Defendants because the Defendants produced, distributed and downloaded child pornography images of the Plaintiff. Federal case law allows a plaintiff to use a pseudonym when taking legal action when the plaintiff was the victim of sex crimes. Thus, Plaintiff moves this Court to allow him to proceed in the current matter using a pseudonym.

## BACKGROUND FACTS

  On November 8, 2010, Plaintiff filed a Complaint in the United States District Court for the Eastern District of Wisconsin. (Complaint.) In that Complaint, the Plaintiff identified himself as John Doe 18. (Id.) In the Complaint, Plaintiff makes claims for violation of federal law in that the Defendants produced, distributed and downloaded pornographic images of the Plaintiff when the Plaintiff was a child. (Complaint.) In addition, Plaintiff filed a Disclosure Statement pursuant to L.R. 7.1 and Fed. R. Civ. P. 7.1, where Plaintiff identified himself as John Doe 18 and then another Disclosure Statement that was filed under seal, where Plaintiff identified himself by name. (Plaintiff's Disclosure Statements.)

1

On February 28, 2011, this Court issued an Order Dismissing Complaint pursuant to Fed. R. Civ. P. 10(a) because Plaintiff did not include his name on the Complaint. (Order Dismissing Complaint dated February 28, 2011.) In response, Plaintiff files this Motion to Allow Plaintiff to Proceed Using a Pseudonym and this Memorandum in Support.

**LAW AND ARGUMENT**

Generally, under Fed. R. Civ. P. 10(a), a Complaint must contain the names of all the parties to the suit. Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 872 (7th Cir. 1997). The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify a departure from the normal method of proceeding in federal courts. Id. Exceptional circumstances that warrant allowing the use of fictitious names include protecting the privacy of children, rape victims, and other particularly vulnerable parties or witnesses. Id.; See also Doe v. City of Chicago, 360 F.3d 667, 669-70 (7th Cir. 2004) (Acknowledging use of fictitious pseudonym is appropriate where plaintiff is a minor, a rape or torture victim, or was subject to a sexual assault.)

Federal courts across the United States have found exceptional circumstances sufficient to allow a Plaintiff to use a fictitious name in pursuing a civil lawsuit when the lawsuit involves rape or other sexual assault. In Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 190-91 (2nd Cir. 2008), the Second Circuit Court of Appeals ruled that when considering whether to allow a plaintiff to proceed anonymously, a court must balance Plaintiff's interest in proceeding anonymously against the interests of defendants and the public. When so balancing, the court articulated a list of factors that should be considered:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously;

2

(3) whether identification presents other harms and the likely severity of those harms;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Id.

In the current case, the Second Circuit balancing of interests approach clearly supports allowing the Plaintiff to proceed under a pseudonym. For example, this litigation involves the production, distribution and downloading of pornographic images of the Plaintiff, when the Plaintiff was a child. (Complaint.) Clearly, this litigation involves a vulnerable plaintiff and matters that are highly sensitive and personal and it would pose a risk of mental harm if the Plaintiff was required to reveal his identity. Id. (Factors 1, 2, 3, 4); Affidavit of Susan Phipps-Yonas, Ph.D., L.P., ¶ 12. In fact, public disclosure of very personal images of the Plaintiff engaged in sexually explicit conduct is a large part of the damage that has been perpetrated upon the Plaintiff. Phipps-Yonas Aff, ¶ 9-12. To put it bluntly, it is difficult to imagine something more personal, private and mentally damaging than public images of a vulnerable child engaged in sexually explicit conduct at the direction of an adult.

Moreover, there is no prejudice to the Defendants if Plaintiff's name is not known to the public (Factor 6) and there is no compelling public interest that will be served by requiring the

Plaintiff to disclose his identity (Factor 8).  The compelling public interest actually lies in the identity of the Defendants.  Parents must be able to protect their children from known sexual abusers and child pornographers.  Naming the Plaintiff does not serve this compelling interest. In fact, requiring victims of child pornography to disclose their identity in order to file a civil lawsuit, will result in fewer victims being willing to pursue this type of litigation.  This will have the result of identifying fewer child abusers and pornographers.  This is clearly against the public interest of identifying and holding accountable these predators.

Additionally, Plaintiff has kept his identity confidential. For example, Plaintiff filed the current matter using the pseudonym of John Doe 18.  (Complaint.)  Plaintiff filed a Disclosure Statement pursuant to L.R. 7.1 and Fed. R. Civ. P. 7.1, where Plaintiff identified himself as John Doe 18 and then another Disclosure Statement that was filed under seal, where Plaintiff identified himself by name.  (Plaintiff's Disclosure Statements.)  The state court criminal Complaint filed against the Defendant Clazmer used a pseudonym in order to protect the confidentiality of the Plaintiff. Patrick Noaker Aff., Ex. A.  Finally, none of the media coverage of the criminal prosecution of the Defendant and coverage of the filing of the current lawsuit have identified the Plaintiff's name.  Patrick Noaker Aff., Ex. B, C, D.

Many other Federal District Courts have found that it is proper to allow victims of sexual crimes to proceed under pseudonyms.  In Doe v. Evans, 202 F.R.D. 173, 175-76 (E.D. Pa. 2001), the District Court conducted a balancing test similar to that described above and ruled that a plaintiff's use of a pseudonym in a civil sexual assault case was justified.   Similarly, in Doe v. Kolko, 242 F.R.D. 193, 198 (E.D.N.Y. 2006), the District Court ruled that it was proper for an adult plaintiff who was sexually abused by a rabbi when the plaintiff was a child, to proceed anonymously.  Further, in Roe v. St. Louis University, 2009 WL 910738, the Eastern District of

4

Missouri Court ruled that a college student who was a victim of a rape should be allowed to proceed using a pseudonym because it was a personal matter of the utmost intimacy. (Opinion attached to Affidavit of Patrick Noaker, Ex. E.) But see Doe v. Shakur, 164 F.R.D. 359, 361 – 62 (S.D.N.Y. 1996) (Plaintiff who alleged that she was sexually assaulted by famous musician as an adult was not allowed to pursue claim anonymously.)

In conclusion, given the very personal and sensitive nature of the wrongs in this matter and the fact that it would mentally harmful to the Plaintiff to be required to publicly identify himself, Plaintiff requests this Court to allow him to proceed in this case using the pseudonym John Doe 18.

Date: March 10, 2011.
          s/Patrick W. Noaker_____
          Patrick W. Noaker (Minn. # 274951)
          (Admitted in Eastern District of Wisconsin)
          JEFF ANDERSON & ASSOCIATES, PA
          366 Jackson Street, Suite 100
          St. Paul, MN 55101
          (651) 227-9990

          Paul J. Scoptur, WI #1018326
          AIKEN & SCOPTUR, S.C.
          2600 North Mayfair Road, Suite 1030
          Milwaukee, WI 53226-1308
          (414) 225-0260

          Attorneys for Plaintiff