UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN DOE
*suing as John Doe 18*,

        Plaintiff,

        v.                              Case No. 10-C-0992

JOSEPH CLAZMER,

        Defendant.

DECISION AND ORDER GRANTING AMENDED MOTION TO ALLOW PLAINTIFF TO PROCEED USING PSEUDONYM (DOC. 18), DENYING AS MOOT MOTION TO ALLOW PLAINTIFF TO PROCEED USING A PSEUDONYM (DOC. 13), DENYING MOTION TO STAY PROCEEDINGS BY JOSEPH CLAZMER (DOC. 29), AND DENYING WITHOUT PREJUDICE MOTION TO DISMISS (DOC. 23)

Plaintiff filed a complaint on November 8, 2010, as John Doe 18, alleging that his former high school geometry teacher produced and downloaded sexually explicit images of plaintiff in violation of the Child Pornography Prevention Act, 18 U.S.C. § 2251, et seq. The case was reassigned to this court, and on February 28, 2011, an order was entered dismissing the action without prejudice with leave to file an amended complaint or properly supported motion within ten days of the order. On March 9, 2011, this court entered, in error, a judgment dismissing the matter without prejudice.

The next day, plaintiff filed a motion to proceed using a pseudonym, as well as a motion to dismiss defendant downloaders 1-100. Defendant took the position that the judgment was binding and therefore did not respond to plaintiff's motions. The court vacated the judgment and extended the time for filing a response. Soon thereafter defendant moved to dismiss and to stay pending resolution of the related criminal proceeding pending in state court. For the reasons set forth, plaintiff will be allowed to

proceed using a pseudonym and file an amended complaint. Because the underlying criminal case is resolved and there is no pending complaint to dismiss, the motions to stay and to dismiss will be denied.

As an initial matter, the use of fictitious names is disfavored and this court has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts. *Doe 3 ex rel. Doe 2 v. Elmbrook School Dist.,* --- F.3d ----, 2011 WL 4014359 *9 (7th Cir. 2011); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). Rule 10(a) of the Federal Rules of Civil Procedure provides that the complaint shall give the names of all the parties to the suit. This instantiates the principle that judicial proceedings are to be conducted in public. *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872 (citations omitted). Indeed, open judicial proceedings permit public monitoring of court proceedings. *Doe v. City of Chicago*, 360 F.3d 667, 669-70 (7th Cir. 2004).

There are exceptions and fictitious names have been allowed to the privacy of children, rape victims, and other particularly vulnerable parties or witnesses. *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872. However, a request to proceed under a fictitious name may not be granted without consideration of the circuit's case law disfavoring anonymous litigation. *Doe v. Smith,* 429 F.3d 706, 710 (7th Cir. 2005). In *Smith*, the Seventh Circuit reversed and remanded a decision to allow the plaintiff to proceed anonymously where the plaintiff had been videotaped having consensual sex as a minor. *Id.* at 707. At the time the suit was filed the plaintiff was an adult. *Id.* at 710. Because the district court granted the request to proceed anonymously without

discussion, the Seventh Circuit remanded for further consideration of whether the public has an interest in knowing what the judicial system is doing. *Id.* The Seventh Circuit explained:

> She has denied Smith the shelter of anonymity-yet it is Smith, and not the plaintiff, who faces disgrace if the complaint's allegations can be substantiated. And if the complaint's allegations are false, then anonymity provides a shield behind which defamatory charges may be launched without shame or liability.
>
> Everyone at the high school who saw the recording already knows who "Doe" is, and most people acquainted with Smith could find out whether or not they had seen the recording. (Their dating relationship was no secret.) Now perhaps anonymity still could be justified if the tape has been circulated more widely (as counsel asserted at oral argument), and disclosure would allow strangers to identify the person in the recording and thus add to her humiliation. That question should be explored in the district court-and, if the judge decides that anonymous litigation is inappropriate, the plaintiff should be allowed to dismiss the suit in lieu of revealing her name.

*Id.*

Unlike in *Smith* where the relationship was consensual and the audience could easily identify Doe, the plaintiff in this case has never been identified. The highly sensitive, personal nature of the alleged harm – the distribution of child pornography involving the plaintiff -- in this case outweighs the public interest in requiring plaintiff to disclose his identity. The alleged sexual explicit conduct took place when the plaintiff was a minor at the direction of a teacher. No one in the high school knew of the conduct and plaintiff was never identified by the media in the related criminal prosecution of the defendant. Indeed, the allegations of this complaint are that the images have been

3

uploaded to various child pornography websites and that injury occurs when each person views the explicit images of plaintiff as a minor. Susan Phipps-Yonas, a licensed psychologist, who identifies herself as an expert in the field of childhood sexual abuse, filed an affidavit in support of the plaintiff's motion to proceed using a pseudonym. Having spoken with the plaintiff by phone, it is her opinion that plaintiff would suffer mental harm if required to disclose his name publicly. Thus, after weighing the potential harm to plaintiff and the interest of the public in knowing the work of the courts, the plaintiff's motion to proceed using a pseudonym will be granted.

Next, defendant moved to stay this civil proceeding pending a ruling on the motion to dismiss and/or until criminal charges pending in state court are completed. However, defendant concedes that his criminal conviction in state court is final. To the extent that defendant filed a motion to dismiss the plaintiff's complaint, there is no pending complaint. The action was dismissed by order dated February 28, 2011, and plaintiff elected to file a motion to proceed using a pseudonym rather than file an amended complaint. Hence, there is no complaint to dismiss. Now, therefore,

IT IS ORDERED that plaintiff's amended motion to allow plaintiff to proceed using a pseudonym is granted.

IT IS FURTHER ORDERED that plaintiff's motion to allow plaintiff to proceed using a pseudonym is denied as moot.

IT IS FURTHER ORDERED that plaintiff may file an amended complaint on or before November 3, 2011.

IT IS FURTHER ORDERED that defendant's motion to stay proceedings is denied.

4

IT IS FURTHER ORDERED that defendant's motion to dismiss is denied without prejudice.

Dated at Milwaukee, Wisconsin, this 21st day of October, 2011.

                                              BY THE COURT

                                              /s/ C. N. Clevert, Jr.
                                              C. N. CLEVERT, JR.
                                              CHIEF U. S. DISTRICT JUDGE